**Rapheal G. RUSSELL, Plaintiff-Appellant,**

v.

**BANK OF AMERICA; Service Link, Defendants-Appellees.**

No. 16-35076

United States Court of Appeals, Ninth Circuit.

Submitted February 14, 2017 *

Filed March 2, 2017

Rapheal G. Russell, Pro Se

Kasey Curtis, Reed Smith LLP, Los Angeles, CA, Steven J. Dixson, Attorney, Christopher George Varallo, Attorney, Witherspoon Kelley, Spokane, WA, Elena O. Gekker, Reed Smith LLP, San Francisco, CA, for Defendant-Appellee Bank of America

Matthew Cleverley, Trial Attorney, Fidelity National Law Group, Columbia Center, Seattle, WA, for Defendant-Appellee Service Link

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Rapheal G. Russell appeals pro se from the district court's judgment dismissing his diversity action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Russell's action because Russell failed to allege facts sufficient to state a claim for relief and failed to oppose defendants' motions to dismiss. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also* W.D. Wash. R. 7(b)(2) (the court may deem a failure to oppose a motion as an admission that the motion has merit).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We do not consider arguments not raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Russell's argument related to the district court's failure to change the trial date.

**AFFIRMED.**

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.